■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 28, 1976, convicting him of robbery in the first degree, burglary in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for robbery in the first degree and the sentence imposed thereon, and a new trial is ordered as to the first two counts of the indictment. As so modified, judgment affirmed. Defendant was charged, *inter alia,* with two counts of robbery in the first degree. The first count alleged that in the course of forcibly stealing property from another individual, he inflicted serious physical injury upon that individual (see Penal Law, § 160.15, subd 1). The second count alleged that defendant

forcibly stole property from another individual while threatening the use of a dangerous instrument (see Penal Law, § 160.15, subd 3). Defense counsel requested that in addition to charging the jurors as to these crimes, the trial court also charge them as to the lesser included crime of robbery in the second degree, under the first count of the indictment, contending that the seriousness of the injury received by the complainant during the commission of the crimes was a question for the jury; he argued that upon the facts presented the jurors could have found that the complainant had suffered only physical injury (see Penal Law, § 10.00, subd 9) rather than serious physical injury (see Penal Law, § 10.00, subd 10), requiring an acquittal of robbery in the first degree under the first count, and possible conviction on the lesser included crime only (see Penal Law, § 160.15, subd 1; § 160.10, subd 2, par [a]). The trial court denied defense counsel's request, charged the two counts of robbery in the first degree as set forth in the indictment, and instructed the jurors to return a verdict of guilty on one count or the other, but not both, or not guilty on both. The verdict was accepted simply as guilty of robbery in the first degree, without distinction, and defendant was convicted of one count of robbery in the first degree. The trial court committed error in denying defense counsel's request to charge on the elements of robbery in the second degree under the first count of the indictment. After examining the complainant's testimony with regard to his injury, and reading relevant portions of his hospital record describing his injury and condition shortly after the commission of the crimes herein involved, we believe that there is a serious factual issue as to the severity of his injury, which should have been presented to the jury. This conclusion is buttressed by the fact that although assault in the first degree was also charged in the indictment, the jurors convicted defendant of assault in the second degree under such count as a lesser included crime upon an appropriate charge. The sole difference between those crimes, insofar as they are herein involved, is that assault in the first degree, as charged, required a finding that the complainant had suffered serious physical injury at the hand of his assailant, but conviction for assault in the second degree, as found by the jurors, required a finding that the victim had suffered only physical injury (see Penal Law, § 120.10, subd 1; § 120.05, subd 2). This being the case, there is a view of the evidence under which defendant appropriately could have been acquitted of robbery in the first degree, as charged in the first count of the indictment, and convicted of robbery in the second degree under that count. Accordingly, the trial court should have charged the jurors as to the elements of the lesser included crime when so requested by defense counsel (CPL 300.50). We are not persuaded by the prosecutor that affirmance is required in any event by the fact of the jury's verdict of guilty as to robbery in the first degree, generally, and the allegedly overwhelming proof adduced to support conviction of that charge on the theory set forth in the second count of the indictment. Since we have no way of knowing the basis for the jury's determination, or under which count it made its finding of guilt, a new trial is required. We note that this dilemma could have been obviated by the taking of separate verdicts on each count of the indictment. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.